UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN KLEMONSKI, JR.,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CASE NO.<br>:   3:09-cv-787 (VLB) |
| DEPARTMENT OF CORRECTION, et al.,<br>    Defendants. | :<br>:   February 25, 2010 |

**MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTION TO DISMISS**

The plaintiff, Kevin Klemonski, Jr., commenced this action pro se while incarcerated. He named as defendants the Department of Correction, the University of Connecticut Health Center, and Connecticut state employees Gina Higgins, Brian Murphy and Theresa Lantz, alleging that they violated his unspecified constitutional rights in contravention of 42 U.S.C. § 1983 by subjecting him to unconstitutional conditions of confinement and failing to provide him with proper medical care. On June 29, 2009, the Court dismissed all claims against defendants Department of Correction and University of Connecticut Health Center pursuant to 28 U.S.C. § 1915A. Defendants Murphy and Lantz now move to dismiss the claims against them on the ground that the plaintiff fails to allege facts demonstrating their involvement in circumstances giving rise to the plaintiff's claims. For the reasons that follow, the motion to dismiss is GRANTED.

**I. Standard of Review**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not

require detailed factual allegations, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (internal citations omitted).  In applying this plausibility standard, the Court liberally construes pro se complaints.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## II.  Facts

The complaint alleges the following facts.  The Plaintiff claims that, on November 12, 2008, he questioned correctional employee Powers regarding an alleged clerical error that required him to post a $75,000 bond.  C.S. Powers told him that he was delusional and sent him back to his housing unit.  The following morning, he repeated his concerns to mental health staff members Nurse Sally and defendant Higgins.  Defendant Higgins asked the plaintiff to sign a consent form to allow contact with the plaintiff's family members and offered the plaintiff

medication, which he refused to take. The plaintiff alleges that "the two employees at Uconn," presumably Nurse Sally and defendant Higgins, obtained medical information from his family, disseminated that information without his consent and used the medical information to raise his mental health level from 1 to 5.

The plaintiff, then a pretrial detainee, was subsequently transferred to Garner Correctional Institution and housed with mentally-ill inmates who had already been sentenced. On December 31, 2008, the plaintiff was attacked by another inmate. Captain Reily did not order a police investigation into the incident or take any disciplinary action. Donna Palmiero did not mention his head injury in the incident report and, as a result, the plaintiff did not receive medical treatment.

### III. Discussion

Defendants Murphy and Lantz move to dismiss the claims against them on the basis that the plaintiff fails to allege facts stating cognizable claims against them. Defendants Murphy and Lantz are supervisory corrections officials. In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only upon the officials who caused the alleged constitutional violation. It is settled law in this Circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

Because the doctrine of respondeat superior is inapplicable in section 1983 actions, supervisors are not automatically liable under section 1983 when their

3

subordinates commit a constitutional tort.  See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).  Instead, the plaintiff must prove supervisory liability by demonstrating one or more of the following five criteria:  first, the defendant actually and directly participated in the alleged acts; second, the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; third, the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; fourth, the defendant was grossly negligent in the supervision of the correctional officers who committed the constitutional violation; and fifth, the defendant failed to act in response to information that unconstitutional acts were occurring.  Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  In addition, the plaintiff must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury.  See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

Some of these criteria may have been called into question by the Supreme Court.  In Iqbal, the Court held that, "[a]bsent vicarious liability, each Government official, his or her title not withstanding, is only liable for his or her own misconduct."  129 S. Ct. at 1949.  Thus, Iqbal has arguably nullified the criteria imposing supervisory liability where the supervisor knew of and acquiesced to a constitutional violation committed by a subordinate, such that a supervisor can only be held liable if he or she participated directly in the alleged constitutional violation or created a policy or custom under which unconstitutional practices

4

occurred.  See Sash v. United States, No, 08 Civ. 8332(AJP), 2009 WL 4824669, at *10-*11 (S.D.N.Y. Dec. 15, 2009) (discussing and disagreeing with several district court decisions concluding that Iqbal has nullified several criteria for imposing supervisory liability because it established an "active conduct" standard).  The Second Circuit has not yet addressed the effect of Iqbal on the standard for supervisory liability.

This Court, however, need not resolve the issue.  The plaintiff has not alleged any facts in his complaint relating to defendants Murphy and Lantz.  He merely identifies them as defendants.  Thus, the plaintiff has not satisfied any criteria for imposing supervisory liability and appears to assert only a claim of respondeat superior.

In response to the motion to dismiss, the plaintiff submits several exhibits for the Court to consider.  In reviewing a motion to dismiss, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).  However, Federal Rule of Civil Procedure 12(d) permits the Court to treat a motion to dismiss as a motion for summary judgment if the Court does not exclude matters outside the pleadings that are presented for the Court's consideration.

The plaintiff provides nine exhibits:  first, a June 2008 letter from the Deputy Chief Clerk in state court explaining that the plaintiff posted two bonds; second, a November 2008 memorandum to the plaintiff from Deputy Warden Janet Sicilia

5

explaining the mix-up with the plaintiff's bond; third, a second memorandum from Deputy Warden Sicilia resending the initial memorandum to the plaintiff in February 2009; fourth, an April 2009 letter from the plaintiff to defendant Lantz expressing his concern that he cannot receive adequate medical care because he filed lawsuits against the University of Connecticut Health Center and medical and mental health care providers and noting that he filed a state habeas corpus action to address this issue; fifth, a February 2009 letter to defendant Murphy describing the incident with the bonds and his transfer and how he resolved the issue with the assistance of his attorney; sixth, a March 2009 letter to the plaintiff from defendant Murphy responding to letters to defendant Lantz; seventh, a January 2009 health grievance, partially upheld, which resulted in the lowering of the plaintiff's mental health score and his return to the Hartford Correctional Center; eighth, a copy of his November 2008 psychological evaluation; and ninth, a notation by defendant Higgins that she would attempt to obtain mental health information from the plaintiff's family. <u>See</u> Doc. #19. After reviewing these exhibits, the Court concludes that none of the exhibits show that defendants Lantz and Murphy participated in the incidents underlying the complaint or were aware of what had occurred until after the situation that the plaintiff complains of had been resolved. Thus, the Court will exclude the exhibits and will not convert the motion to dismiss into a motion for summary judgment.

    The plaintiff has alleged no facts in his complaint supporting a claim of supervisory liability against defendants Lantz and Murphy. Accordingly, the

defendants' motion to dismiss is granted.  The plaintiff is advised that if he wishes the Court to consider the exhibits attached to his memorandum and can assert cognizable claims against defendant Murphy and/or defendant Lantz, he must file an amended complaint which includes a concise statement of the alleged wrongful conduct of Murphy and/or Lantz.  He may attach the exhibits to his amended complaint.  Because more than twenty-one days have passed since the defendants filed their motion to dismiss, the plaintiff cannot amend his complaint as of right.  Written consent from the defendants or permission from the Court is required.  See Fed. R. Civ. P. 15(a)(1) and (2).  To obtain the Court's permission to amend his complaint, the plaintiff must file a motion for leave to amend and attach a copy of the proposed amended complaint.  In light of the age of this case, the Court' decision on a motion to amend the complaint will be influenced by the plaintiff's promptness in filing such motion.

### IV.  Conclusion

The defendants' Motion to Dismiss [Doc. #18] is GRANTED.  This case will proceed only as to the plaintiff's claims against defendant Higgins.

                                        IT IS SO ORDERED.


                                         /s/
                                        Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut:  February 25, 2010.