UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN KLEMONSKI, JR.,<br>    Plaintiff, | :<br>:<br>:     CASE NO. |
| v. | :     3:09-cv-787 (VLB)<br>: |
| DEPARTMENT OF CORRECTION, et al.,<br>    Defendants. | :<br>:     May 25, 2010 |

### RULING ON PLAINTIFF'S MOTIONS TO AMEND

The plaintiff, Kevin Klemonski, Jr., commenced this action pro se while incarcerated. He originally named as defendants the Department of Correction, the University of Connecticut Health Center, and Connecticut state employees Gina Higgins, Brian Murphy and Theresa Lantz, alleging that they violated his constitutional rights in violation of 42 U.S.C. § 1983 by subjecting him to unconstitutional conditions of confinement and failing to provide proper medical care. On June 29, 2009, the Court dismissed all claims against defendants Department of Correction and University of Connecticut Health Center pursuant to 28 U.S.C. § 1915A. See Doc. #8. On February 25, 2010, the Court granted the defendants' motion to dismiss all claims against defendants Murphy and Lantz. See Doc. #21.

The plaintiff has filed three motions seeking leave to amend his complaint. On March 22, 2010, he filed a motion seeking leave to add five new defendants. In his memorandum, he underlines the following names: Sally Cunningham, Counselor Supervisor Powers, Janet Sicilia, Brian Murphy and Theresa Lantz.

The Court assumes these are the proposed new defendants.  See Doc. #22.

In his second motion, he seeks leave to add Ralph Dagostine, Chief Clerk of the New Britain Superior Court.  See Doc. #29.

In his third motion, the plaintiff identifies nineteen new defendants:  Janet Sicilia, Sally Cunningham and Counselor Supervisor Powers, three of the defendants referenced in the first motion to amend; Ralph Dagostine, the defendant from the second motion to amend; and Assistant Attorney General Carmel Motherway, Warden Scott Semple, Dr. Susan Ducate, Attorney Raymond Wiezalis, Police Officers Timothy Buggee, John Zematis and Arksdiusz Petlik, Deputy Warden Anne Cournoyer, Unit Manager Stowell, Counselor Hawkins, Correctional Treatment Officer Dixon, Counselor Dolittle, Deputy Warden Bartholenew, DCF Social Worker Natashl Walker and Dr. Craig Burns.  See Doc. #37.

The plaintiff may amend his complaint once as of right within twenty-one days of service or within twenty-one days after service of an answer or motion to dismiss, whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Service has been effected and the defendants filed their motion to dismiss on December 2, 2009.  Thus, the plaintiff cannot amend his complaint as of right.

The Court should grant leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action.  See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995).   The

claims in this action concern the plaintiff's treatment while in custody.

In the first motion, the plaintiff seeks to add five new defendants.  The Court already has considered the claims against two of those defendants, former Commissioner Lantz and former Deputy Commissioner Murphy, and dismissed them from the case because the plaintiff failed to sufficiently allege facts supporting a claim of supervisory liability against them.  <u>See</u> Doc. #21.  The plaintiff's proposed amendment does not provide any additional allegations against these defendants, apart from an allegation that Murphy responded to a letter sent to him by the Plaintiff with incorrect information.  The plaintiff provides no explanation regarding the specific contentx of the letter, nor does he explain how Murphy's response was inappropriate.  Therefore, his proposed amendment fails to state a claim for supervisory liability under the prevailing standard.  <u>See</u> <u>Hernandez v. Keane</u>, 341 F.3d 137, 144 (2d Cir. 2003) (requiring personal involvement by a supervisory official in the allegedly unlawful conduct of his subordinates in order for liability to be imposed under 42 U.S.C. § 1983).  As the plaintiff has been given ample opportunity to properly state a claim against Murphy and Lantz but has failed to do so, it is clear that permitting further amendment as to these defendants at this point would be futile.  The plaintiff referenced two of the three other defendants, Counselor Supervisor Powers and Nurse Sally Cunningham, in his complaint but did not name them as defendants.  Because the claims against defendants Powers, Cunningham and Sicilia are directly related to the claims asserted in the original complaint, the Court will

permit the plaintiff to amend his complaint to add these three defendants.

In his second motion to amend, the plaintiff seeks to add a state court clerk and alleges that the clerk should have taken action to "release" the plaintiff from an allegedly false bond and return money paid by the plaintiff for the bond. This claim is different from the claims in this action. The inclusion of the clerk as a defendant would not clarify or amplify the claims in this case. Accordingly, the second motion for leave to amend is denied.

In the third amended complaint, the plaintiff again seeks to add claims unrelated to the issues in this case. The plaintiff alleges that Newington, Connecticut Police Officers Arksdiusz Petlik, Timothy Buggee and John Ziematis were involved in the incidents leading to his arrest and incarceration. He reasserts a claim that defendant Cournoyer sexually assaulted him, a claim which is included in another case that was recently dismissed for failure to exhaust administrative remedies, <u>Klemonski v. Cournoyer, et al.</u>, 3:09-cv-1247 (VLB) (dismissed May 7, 2010). The plaintiff alleges that Warden Semple denied him transitional supervision, a claim included in another pending case, <u>Klemonski v. Semple, et al.</u>, 3:09-cv-1611(VLB). The plaintiff alleges that Warden Semple, Unit Manager Stowell, Counselor Hawkins, Correctional Treatment Officer Dixon, Counselor Dolittle and Deputy Warden Bartholenew denied him access to the courts. He further claims that Warden Semple transferred him to MacDougall Correctional Institution and that his legal property was delayed in reaching him. He alleges that Dr. Ducate misdiagnosed him and AAG Motherway offered to

intercede on his behalf if he would withdraw his lawsuits. The claims asserted against Attorney Wiezalis and Social Worker Walker relate to the plaintiff's divorce and the custody of his child.

With the exception of the claims against Powers, Sicilia and Cunningham, which were allowed under the first motion to amend, the only claim included in the proposed amended complaint that is related to the claims asserted in the original complaint is the claim against Dr. Ducate regarding medical care. All of the other claims are not related to the conditions of confinement claims asserted by the plaintiff in his underlying complaint. In addition, two of the claims were asserted in other actions and the plaintiff has been advised that he had not exhausted his administrative remedies on those claims. Thus, the third motion to amend is denied as to all proposed new defendants except Dr. Ducate.

In conclusion, the plaintiff's first motion to amend [Doc. #22] is GRANTED to the extent that the plaintiff may add Janet Sicilia, Sally Cunningham and Counselor Supervisor Powers as defendants, and is DENIED as to the addition of Murphy and Lantz. His second motion to amend [Doc. #29] is DENIED. His third motion to amend [Doc. #37] is GRANTED to the extent that the plaintiff may add Dr. Ducate as a defendant, and is DENIED as to the remaining proposed defendants.

The Clerk is directed to send the plaintiff an amended complaint form with this order. The plaintiff shall complete the form including all of his claims, along with the factual basis for each claim, against defendants Higgins, Sicilia,

Cunningham, Powers and Ducate, and return it to the Court within twenty (20) days from the date of this order.  Once the amended complaint has been filed, the Court will order service on the newly added defendants.  The defendants will then have twenty-one days to respond to the amended complaint.

                              IT IS SO ORDERED.

                              _____/s/_____
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut:  May 25, 2010.